**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**BOARD OF TRUSTEES OF BAY MEDICAL CENTER, a special district of the state of Florida; BAPTIST HOSPITAL, INC., a Florida not for profit corporation; and THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE, an Alabama public corporation, on their own behalf and on behalf of all CLASS MEMBERS similarly situated,**

**Plaintiffs,**

**v.** **Case No. 5:03cv144/MCR**

**HUMANA MILITARY HEALTHCARE SERVICES, INC., a Delaware corporation; OFFICE OF CIVILIAN HEALTH AND MEDICAL PROGRAM OF THE UNIFORMED SERVICES and TRICARE MANAGEMENT ACTIVITY, subdivisions of the DEPARTMENT OF DEFENSE OF THE UNITED STATES OF AMERICA; and DONALD RUMSFELD, in his official capacity as the Secretary of Defense for the United States of America,**

**Defendants.**
**_____________________________/**

# O R D E R

This cause is before the court upon remand from the United States Court of Appeals for the Federal Circuit for a determination on the merits of defendant Humana Military Healthcare Services, Inc.'s ("Humana") motion for reconsideration of this court's March 16, 2004, order. For the reasons given below, the court DENIES Humana's motion.

**BACKGROUND**

The instant discussion presumes familiarity with the analysis and facts set forth in the March 16th order. (Doc. 77). In brief, on June 3, 2003, plaintiffs Bay Medical Center, Baptist Hospital, Inc., and the Healthcare Authority of the City of Huntsville (together, "plaintiffs") filed their complaint asserting two causes of action: Count 1) breach of contract against defendant Humana; and Count 2) declaratory judgment against defendants Tricare Management Activity ("TMA"), the Office of Civilian Health and Medical Program of the Uniformed Services, and Donald Rumsfeld (together, "the government"). (Doc. 1). On March 16, 2004, the court denied Humana's motion to dismiss brought pursuant to Federal Rules of Procedure 12(b)(1), 12(b)(7), and 19, or, in the alternative, to transfer venue to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. Concluding that Humana is the real party in interest as to Count I (and that the government is neither the real party in interest nor an indispensable party), the court found that subject matter jurisdiction exists in this forum to hear plaintiffs' claim that Humana breached its provider contracts when it applied certain rates to cap the reimbursement of outpatient non-surgical services. The court granted the government's Rule 12(b)(1) motion to dismiss or, in the alternative, to stay Count II, plaintiffs' challenge to the validity of a TMA policy and federal regulation, finding that plaintiffs lack standing to bring this declaratory judgment claim.

On March 30, 2004, Humana moved for reconsideration of the denial of its motion, and on April 25, 2004, it filed a notice of appeal.[1] This court denied Humana's motion as moot, concluding that the notice of appeal had divested it of jurisdiction. The Federal Circuit found that this conclusion was error and remanded for a determination on the motion's merits.[2] Accordingly, presently pending before this court is Humana's motion for reconsideration (doc. 81, memorandum in support at doc. 82), to which the government

---

[1] Plaintiffs have not sought reconsideration (or appeal) of the ruling granting the government's motion.

[2] On April 22, 2005, Humana filed a second notice of appeal which incorporated both the denial of the motion to dismiss or transfer and the denial of the motion for reconsideration. The Federal Circuit did not review the former motion.

responded in opposition (doc. 84) and plaintiffs objected and moved to strike (doc. 85).[3] Following remand, the court permitted the parties to submit supplemental materials (docs. 147-150, 155, 156), and on June 9, 2005, it heard oral argument on the motion to reconsider.

**DISCUSSION**

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders.[4] As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003); Burger King Corporation v. Ashland Equities, Inc., 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). Although courts have considerable discretion in addressing a motion for reconsideration, see Chapman v. Al Transport, 229 F.3d 1012, 1023-24 (11th Cir. 2000), in most cases in the interests of finality and conservation of judicial resources granting relief is viewed as an extraordinary remedy to be employed sparingly. See United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003); Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida, 189 F.R.D. 480, 489 (M.D.Fla. 1999). Nevertheless, "[w]hen a motion for reconsideration raises a fundamental jurisdictional issue" the court should consider the merits of the argument, notwithstanding such infirmities as the motion's untimeliness. Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Florida Dept. of

[3] On April 19, 2004, this court denied plaintiffs' motion to strike as moot, citing lack of jurisdiction. Although plaintiffs have not sought to renew this motion following remand, in light of the instant order denying Humana's motion the court finds it unnecessary to consider the motion to strike further. To the extent the motion should be deemed as having been revived upon remand of this case and thus remains pending, the motion is denied as moot.

[4] Humana does not identify the rule of civil procedure under which it seeks reconsideration. While motions for reconsideration can be treated as brought either pursuant to Rule 59 or Rule 60, see Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla. 1994), the court concludes that in this instance the motion is properly deemed a Rule 59(e) motion. Humana's motion was filed within ten days of entry of the March 16, 2004, order; moreover, it seeks reconsideration of "matters encompassed in a decision on the merits of the dispute." See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003); see also Rule 54(a) (defining judgment as including "a decree and any order from which an appeal lies"), and 12 Moore's Federal Practice § 60.23 (stating that "Rule 60(b) does not govern relief from interlocutory orders . . .").

Health and Rehabilitative Services, 225 F.3d 1208, 1218 (11th Cir. 2000); American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 515-16 (4th Cir. 2003) (noting that "in the context of motions to reconsider issues going to the court's Article III subject matter jurisdiction," the court's broad discretion to reconsider interlocutory orders is narrowed).

In its instant motion Humana asserts that the court should reconsider its March 16th order and either dismiss this action for lack of subject matter jurisdiction or transfer it to the Court of Federal Claims; in addition, Humana asks the court to stay the proceedings against the government rather than dismiss the case against it outright.[5] In support of its motion, Humana first points to "recent developments" in case law.[6] According to Humana, the cases it cites buttress its contentions that plaintiffs in fact may sue TMA directly for damages and that the court should recognize that plaintiffs' case actually is an attack on government regulations and policies for money damages which ultimately are payable by the United States. Humana does not, however, allege or show that these cases – or any others – represent an intervening change in the controlling law. Furthermore, Humana has not established that evidence which it recently submitted compels the conclusion that subject matter jurisdiction does not lie as to Count I.[7] As before, the court is persuaded that the government is neither an indispensable party nor the real party in interest but rather that Humana is the real party in interest. See American Canoe Association, Inc., 326 F.3d at 515-16 (noting that the district court abused its discretion by not being "receptive"

---

[5] Although, as the government notes, Humana states that it seeks reconsideration of both the denial of its motion and the granting of the government's motion, Humana does not present any argument as to the latter ruling. Accordingly, in the instant order the court addresses only the denial of Humana's motion.

[6] Humana cites Britell v. United States, 372 F.3d 1370 (Fed. Cir. 2004), and Doe v. United States, 372 F.3d 1308 (Fed. Cir. 2004).

[7] Humana submitted a voluminous quantity of additional evidence with its initial memorandum in support of its motion to reconsider and has more recently, with the court's permission, also filed additional evidence and other supplemental materials. Humana has not, however, made any argument or showing that any of the newly submitted evidence was not available to it prior to the time the court ruled on its motion to dismiss. In the usual case, "[w]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." See Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). Here, because Humana challenges the court's subject matter jurisdiction, the court has cursorily reviewed the late-submitted materials and considered them to the extent they are relevant.

to "new evidence" that might have tipped the scale towards a finding of no standing in the close case before it but also cautioning that the appellate court's finding of error should not "be read as opening the door to perpetual litigation of subject matter jurisdiction issues."). Thus Humana has not established that its motion for reconsideration should be granted either due to an intervening change in controlling law or the availability of new evidence.

Similarly, Humana has not shown that its motion must be granted to correct clear error or manifest injustice. Humana's contention that the court "apparently ruled without reviewing the complete TMA policy respecting reimbursement of hospital outpatient services" is incorrect. Regardless, as the court indicated in the March 16th order, it finds Count I to be, not just in name but also in actuality, a contract claim pertaining to plaintiffs' private agreements with Humana. Plaintiffs allege in their complaint that their injury occurred independent of the policy and regulation in question. Additionally, the court determined that interpretation of the policy was not required in order for it to resolve the issues presented in Humana's motion to dismiss. Furthermore, in granting the government's motion, the court concluded that plaintiffs' alleged damages were not "fairly traceable" to the government's adoption of the policy and regulation at issue but rather to the asserted breach of contract by Humana. Finally, as the court concluded in the March 16th order, the issue of the validity of the policy and regulations was not properly before it at that time as plaintiffs lack standing to assert such a challenge against the government.

Next, the court does not agree with Humana's contention that the affidavits of Ray Pryor, Carl Akins, and David Kennell contain statements or "admissions" which fatally undermine its finding that subject matter jurisdiction lies. Rather, the court is satisfied that the record adequately supports that plaintiffs have no privity of contract with the government because the government was not a party to the provider contracts between plaintiffs and Humana. Further, the contract between Humana and the government, which is essentially fixed-price in nature, at most provides for partial risk-sharing with the government rather than true indemnification. Indeed, the contract contains no actual indemnification provision or "functional equivalent" in the form of the bid price adjustment clause; it also contains no provision demonstrating that the government consented to an

agency relationship with plaintiffs. In addition, funds do not merely "pass-through" Humana from the government to the providers nor is Humana a true fiscal intermediary, "plus" or otherwise. Absent privity of contract or explicit consent to be bound by a private contract executed by an agent of the government, there is no waiver of sovereign immunity such that plaintiffs can assert a claim for damages against the United States.

Humana also complains that the court did not consider the cases it cited for the proposition that claims against the government's fiscal intermediaries are effectively claims against the United States Treasury which, if they exceed $10,000, must be litigated in the Court of Federal Claims. That the court did not discuss the cases cited by Humana should not be viewed as an indication they were not reviewed.[8] Rather, the cases were not discussed because they are legally and factually inapposite and thus are inapplicable. More specifically, unlike the instant matter, the cases relied on by Humana do not involve a breach of contract claim against a managed care support contractor by a provider arising from a private agreement. The Sixth Circuit's recent decision in Baptist Physician Hospital Organization, Inc. v. Humana Military Healthcare Services, Inc., 368 F.3d 894 (6th Cir. 2004), which found that Humana was the real party in interest as to the provider plaintiffs' breach of contract claim, is more aligned with the facts and applicable law of this case, notwithstanding that it involves services for inpatients while those here involve outpatients.

Finally, Humana submits that in its March 16th order the court failed to analyze under Rule 19(a) the possibility that it could be subject to inconsistent obligations [9] in the form of competing judgments in the United States Court of Federal Claims or the Armed Services

[8] Indeed, the parties have made numerous arguments in their motions and responses, all of which the court has considered but some of which it has concluded do not merit discussion.

[9] Rule 19 of the Federal Rules of Civil Procedure in relevant part provides

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a *substantial risk of incurring double, multiple, or otherwise inconsistent obligations* by reason of the claimed interest. (emphasis added).

Board of Contract Appeals, should it later institute independent actions in those forums against the government. First, Rule 19(a)(2)(ii) is concerned with inconsistent obligations rather than inconsistent adjudications or results. 4 Moore's Federal Practice, § 19.03[4][d] (Matthew Bender 3d ed.); Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998); Southern Co. Energy Marketing, L.P. v. Virginia Elec. & Power Co., 190 F.R.D. 182 (E.D. Va.1999). Inconsistent obligations only arise when a party is unable to comply with an order of one court without breaching the order of another court concerning the same matter. See Delgado, 139 F.3d at 3. Thus that Humana might obtain different results in different cases does not establish a basis for Rule 19 joinder. Humana's objection therefore is improperly founded. Moreover, while it is true that in its March 16th order the court did not make a specific finding as to whether Humana was subject to inconsistent obligations, it was not necessary to do so. Humana's assertions were and remain too speculative to show that the disposition of the instant action in the government's absence may leave Humana subject to the required level of "substantial" risk of incurring *inconsistent obligations*, within the proper meaning of that term.

In sum, even in the heightened context of reconsideration of an Article III ruling, the court finds that Humana has failed to present "evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice," Summit Medical Center of Alabama, Inc., 284 F.Supp.2d at 1355, such that granting its motion is warranted. Moreover, the court notes that Humana's present arguments in essence are little more than another attempt to relitigate the very same issues which the court previously decided adversely to Humana. "Motions for reconsideration may not be used to present the [c]ourt with arguments already heard and dismissed or to repackage familiar arguments to test whether the [c]ourt will change its mind." Bryan v. Murphy, 246 F.2d 1256, 1259 (N.D.Ga. 2003); see also Z. K. Marine, Inc. v. M/V Archigetis, 808 F.Supp 1561, 1563 (S.D.Fla. 1992) (stating that "[i]t is an improper use of the motion to reconsider to ask the [c]ourt to rethink what the [c]ourt . . . already thought through – rightly or wrongly."); see also Lamar Advertising of Mobile, Inc., 189 F.R.D. at 489. In large part, Humana improperly attempts to put before the court the same

arguments which the court previously considered and rejected.[10] The court further notes that in addressing an interlocutory appeal on an order denying a Rule 12(b(1) motion the Eleventh Circuit recently stated that "[o]rdinarily, the test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Securities and Exchange Commission v. Mutual Benefits Corp., 408 F.3d 737, 741 (11th Cir. 2005) (internal quotation marks and citations omitted); see also Moden v. United States, 404 F.3d 1335, 1340 (Fed. Cir. 2005). The apparent contention underlying Humana's Rule 12(b)(1) motion that plaintiffs' cause of action is not one on which they ultimately can recover from Humana (but rather one on which, if at all, they must recover from the United States) thus is not well-taken. As the court finds the breach of contract claim alleged in Count I is not "patently without merit," its dismissal for want of jurisdiction is not justified.

For all of the foregoing reasons, Humana's motion to reconsider is denied.

By separate order the court shall set this matter for a Rule 16 conference.

Accordingly, it is ORDERED:

Defendant Humana Military Healthcare Services, Inc.'s motion to reconsider the court's denial of its motion to dismiss plaintiffs' complaint or, in the alternative, to transfer pursuant to 28 U.S.C. § 1631 (doc. 81) is DENIED.

ORDERED on this 1st day of July, 2005.

s/ M. Casey Rodgers

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[10] Humana also has improperly attempted to make new arguments in support of its position; e.g., at oral argument Humana contended for the first time that the allegations of the complaint fail to frame a "true contract claim." Moreover, the court perceives this argument, as well as many of those which Humana previously raised, to be more in the nature of a defense to the plaintiffs' action rather than a viable basis for finding a lack of subject matter jurisdiction.